**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY A. McDERMOTT,<br><br>        Plaintiff,<br><br>   v.<br><br>JOHN E. POTTER, Postmaster General,<br><br>        Defendant.<br>_____/ | No. C 08-03432 SI<br>Related Case: No. 07-6300 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT** |

Defendant has filed a motion for a more definite statement. The motion is scheduled for hearing on May 29, 2009. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. **The case management conference scheduled for 3:00 p.m. the same day remains on calendar**. Having considered the papers submitted, and for good cause shown, the Court hereby GRANTS defendant's motion and directs plaintiff to file an amended complaint by **June 16, 2009**

Defendant moves for an order pursuant to Federal Rule of Civil Procedure 12(e) directing plaintiff to file a complaint with a more definite statement of the basis for her claims. Federal Rule of Civil Procedure 12(e) provides that a party may move for a more definite statement of a pleading this is "so vague or ambiguous that the party cannot reasonably prepare a response." A Rule 12(e) motion should be considered in light of the liberal pleading standards of Rule 8(a). *See Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996) (citing *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994) ("Motions for a more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules.")).

Plaintiff alleges that during her employment as a law enforcement officer with the United States

Postal Service, she was sexually harassed and retaliated against when she complained. Her complaint is 201 pages long and consists of 980 allegations that appear to recite her entire tenure with the Postal Inspection Service, from 1986 until 2008. The Court agrees with defendant that plaintiff's complaint is unwieldy and difficult to understand. Both parties will be better able to litigate this case in an efficient manner if plaintiff pares down her complaint to allege only the essential facts necessary to support her ten causes of action. Accordingly, defendant's motion is GRANTED and plaintiff is directed to file an amended complaint by **June 16, 2009**.

Defendant also seeks to consolidate these two related cases. Should plaintiff request that the cases be consolidated, the Court will grant her request. While the Court does not so order at this point, the Court may require that the pleadings be consolidated in the future.

Finally, plaintiff has filed a motion for entry of default judgment against defendant and for sanctions. [Docket Nos. 54, 65] Plaintiff contends that defendant violated a Court order by failing to file an answer by April 3, 2009. Plaintiff's motion is denied as defendant chose to file the instant motion by the April 3 deadline in lieu of filing an answer. Defendant therefore did not violate any order of this Court and sanctions are not warranted.

In conclusion, defendant's motion for a more definite statement is GRANTED. [Docket No. 52] Plaintiff's motion for entry of default and sanctions is DENIED. [Docket Nos. 54, 65]

**IT IS SO ORDERED.**

Dated: May 26, 2009

SUSAN ILLSTON
United States District Judge

2